UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARNOLDO CASILLAS,

    Plaintiff,

    v.

MTC FINANCIAL, INC, et al.,

    Defendants.

Case No. 15-cv-00085-JD

**ORDER GRANTING MOTIONS TO DISMISS**

Re: Dkt. Nos. 14, 19

In this action for breach of contract and related claims over a mortgage, defendants Bank of America, N.A. ("Bank of America") and MTC Financial, Inc. dba Trustee Corps ("Trustee Corps") move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). The Court grants both motions and dismisses plaintiff's one remaining federal claim -- a Fair Credit Reporting Act ("FCRA") claim -- with leave to amend. The Court declines to exercise supplemental jurisdiction over the state law claims until Casillas successfully alleges an FCRA claim.

## BACKGROUND

In 2007, plaintiff Arnoldo Casillas obtained a $400,000 mortgage loan from Bank of America. Dkt. No. 1, Compl., Ex. 3 at 2. The loan was secured by real property in Newark, California under a deed of trust, which identifies Mr. Casillas and Irma V. Jasso as the borrowers, Bank of America as the lender and beneficiary, and PRLAP, Inc. as the trustee. *Id.*, Ex. 2. On October 7, 2010, Bank of America's agent, Quality Loan Service Corporation ("QLS"), recorded a Notice of Default. RJN, Ex. A. The following day, the interest on the loan was transferred to BAC Home Loans Servicing, LP, ("BAC") which, following a merger, eventually became defendant Bank of America. RJN, Ex. B. In November 2010, QLS was substituted as trustee

1   under the deed of trust.  RJN, Ex. C.  QLS recorded a Notice of Trustee's Sale on January 12,
2   2011, and subsequent notices on April 10, 2012 and August 21, 2013.  RJN, Exs. D, E, F.  On
3   August 20, 2014, Trustee Corps was substituted as trustee under the deed of trust.  RJN, Ex. G.
4   Trustee Corps then recorded a notice of default on August 25, 2014 and a Notice of Trustee's Sale
5   on December 4, 2014.  RJN, Ex. H, I.  Nowhere in the complaint does Casillas allege the property
6   has been sold.

7   Casillas alleges that Bank of America and Trustee Corps recorded fraudulent foreclosure
8   notices, lack standing to initiate foreclosure, breached the dead of trust and damaged plaintiff's
9   credit.  The complaint purports to state claims for (1) violation of the FCRA; (2) breach of
10  contract; (3) fraud; (4) violation of the California Homeowner Bill of Rights; and (5) violation of
11  the Equal Credit Opportunity Act ("ECOA").  Dkt. No. 1 at 15-27.  Both defendants move to
12  dismiss all five of plaintiff's causes of actions, and Casillas has voluntarily dismissed his ECOA
13  claim.  Dkt. No. 22 at 1.  That claim is therefore dismissed, and the Court now turns to the
14  remaining four claims.

## LEGAL STANDARD

16  A Rule 12(b)(6) motion to dismiss "can be based on the lack of a cognizable legal theory
17  or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica
18  Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted).  To avoid dismissal, the
19  plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.
20  Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the pleaded
21  factual content allows the court to draw the reasonable inference that the defendant is liable for the
22  misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly* at 556).   In
23  evaluating a motion to dismiss, the Court must assume that the plaintiff's allegations are true and
24  must draw all reasonable inferences in his or her favor.  *Usher v. City of Los Angeles*, 828 F.2d
25  556, 561 (9th Cir. 1987).  However, the Court need not "accept as true allegations that are merely
26  conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec.
27  Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

When the Court dismisses a complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal quotation marks and citation omitted).

## DISCUSSION

Casillas brings a claim against both defendants alleging he is "entitled to recover damages…for negligent non-compliance with the Fair Credit Reporting Act [("FCRA")] pursuant to 15 U.S.C. § 1681(n)(a)(2)." Dkt. No. 1 ¶ 66. The purpose of the FCRA is to protect consumers by imposing a set of duties upon consumer reporting agencies ("CRAs"). *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009). The statute's goal is to ensure that CRAs behave in a fair and impartial way while assembling, evaluating, and disseminating information regarding consumers' credit. *Gorman*, 584 F.3d at 1153. Casillas claims that both Bank of America and Trustee Corps violated their duty to conduct a reasonable investigation into his claims that the information on his credit report was incorrect. *Id.* ¶¶ 66-68. According to Casillas, he sent a letter to the defendants alerting them of the false information. *Id.* ¶¶ 66-67.

Casillas seems to base his FCRA claim on two distinct sections of the FCRA, 15 U.S.C. § 1681i(a) and § 1681s-2(b). Turning first to § 1681i(a), this section provides, in relevant part:

> [I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed…the agency shall, free of charge, conduct a reasonable investigation to determine whether the disputed information is inaccurate.

15 U.S.C. § 1681i(a). By its express terms, this section limits the duty to conduct a reasonable investigation to CRAs. *See Mendaros v. JPMorgan Chase Bank, N.A.*, No. 14-CV-01260-JST, 2014 WL 3373447, at *6 (N.D. Cal. July 9, 2014). The statute defines a CRA as "any person which…regularly engages…in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties[.]" 15 U.S.C. § 1681 a(f).

The complaint is devoid of any facts giving rise to the inference that either defendant is a CRA. In fact, the complaint suggests otherwise, specifically distinguishing the defendants from a

3

CRA. *See, e.g.* Dkt. No. 1 ¶ 66 ("Plaintiff sent written notice [to] Defendants and to all three (3) CRA's[1]). The complaint contains no allegations that either Bank of America or Trustee Corps's role in the events giving rise to Casillas's claim gave defendants authority to perform any actions constituting the reporting of plaintiff's credit. Moreover, no facts suggest that either defendant engaged in any practice pertaining to the reporting of any consumer credit information. The Court is skeptical that this deficiency can be cured, but Casillas will have one opportunity to amend.

Section 1681s-2 serves a different function. It imposes certain duties on "furnishers," the sources that provide credit information to CRAs. *Gorman*, 584 F.3d at 1153. One duty is, upon notice from the CRA that the consumer disputes information previously provided by the furnisher, to conduct an investigation with respect to the disputed information and take steps to ensure that any errors are corrected. *See* 15 U.S.C. § 1681s-2. This duty arises "only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." *Gorman*, 584 F.3d at 1154 (citation omitted).

Plaintiff's complaint fails to state a claim under § 1681s-2. No factual allegations suggest that either defendant has furnished any information to a CRA. Plaintiff's allegation that "defendants" are "provider[s] of information" is wholly conclusory and without any factual support at all. Dkt. No. 1 ¶ 66. And Casillas alleges that he personally notified the defendants that "false information was being used." *Id.* Notice of a dispute from a consumer, like Casillas, does not trigger the duty to investigate. *See Gorman*, 584 F.3d at 1154. Nothing in the complaint indicates that any CRA sent notice of plaintiff's disputes to Bank of America or Trustee Corps. Plaintiff's Section 1681s-2 claim against defendants is therefore dismissed with leave to amend.

Plaintiff raises several state law causes of action. A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Here, plaintiff has voluntarily dismissed one federal claim and the Court has dismissed the other, and therefore declines to exercise supplemental jurisdiction over plaintiff's

---

[1] Casillas refers to "three [] CRA's," but never identifies the identities of these agencies. If he amends, he should address this deficiency, as well. Dkt. No. 1 ¶ 66.

1  remaining state law claims. The state law claims are dismissed without prejudice, and the Court
2  will revisit this issue if Casillas chooses to amend the FCRA claim.

## CONCLUSION

Defendants' motions to dismiss are granted. Plaintiff may try to reallege the FCRA claim within 10 days of entry of this order, along with any pertinent state law claims that have already been pleaded. If the plaintiff chooses to amend, the Court advises him to state which allegations are being alleged against each defendant with more specificity and clarity.

The plaintiff indicated in the parties' joint case management statement that he will seek leave to amend to include Irma V. Jasso as a necessary party in this case. Dkt. No. 37 at 10. If plaintiff files an amended complaint, Ms. Vasso should be joined at that time. Casillas may not add any other new claims or parties to the complaint.

**IT IS SO ORDERED.**

Dated: May 5, 2015

_____
JAMES DONATO
United States District Judge