UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARNOLDO CASILLAS,

    Plaintiff,

    v.

MTC FINANCIAL, INC, et al.,

    Defendants.

Case No. 15-cv-00085-JD

**ORDER DISMISSING CASE**

On May 5, 2015, the Court dismissed Plaintiff Arnoldo Casillas's complaint. Dkt. No. 40. The Court ordered the dismissal because Casillas had not stated a claim under the federal Fair Credit Reporting Act ("FCRA"), which was the sole basis of the Court's subject matter jurisdiction. The Court gave Casillas an opportunity to amend to try to fix the FCRA pleading problem. *Id.*

On May 15, 2015, Casillas filed an amended complaint. Dkt. No. 42. Casillas dropped the FCRA claim entirely and does not allege any federal question subject matter. Instead, Casillas alleges subject matter jurisdiction based solely on diversity. After reviewing the amended complaint, the Court finds on its own motion that diversity jurisdiction does not exist in this action, and dismisses the case.

Federal courts have a duty to raise and decide issues of subject matter jurisdiction sua sponte at any time it appears subject matter jurisdiction maybe lacking. Fed. R. Civ. P. 12; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). A federal court may dismiss an action on its own motion if it finds that it lacks subject matter jurisdiction over the action. *Fiedler v. Clark*, 714 F.2d 77, 78–79 (9th Cir.1983) (noting that "a federal court may dismiss sua sponte if jurisdiction is lacking"); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that

it lacks subject-matter jurisdiction, the court must dismiss the action."). The court is presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). The complaint must demonstrate that the court has either federal question or diversity jurisdiction. *Pigg v. Gamble*, No. C-12-5009 TEH PR, 2012 WL 5464624, at *2 (N.D. Cal. Nov. 8, 2012).

Here, the amended complaint alleges diversity jurisdiction, which requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity of citizenship, with each plaintiff being a citizen of a different state from each defendant. *Id.*; *see also Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Because the citizenship of the parties is a jurisdictional fact in diversity actions, the burden is squarely on the plaintiff -- the party invoking federal jurisdiction -- to plead the required facts. *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).

Casillas has failed to meet this obligation. As an initial and dispositive matter, complete diversity of citizenship does not exist in this case. Casillas alleges facts indicating that he is a citizen of California and that defendant Trustee Corps is also a citizen of California. Dkt. No. 1 at 1-2; *see also Lam v. JPMorgan Chase Bank NA*, No. 12-17753, 2015 WL 1088803, at *1 (9th Cir. Mar. 13, 2015) ("Trustee Corps is a citizen of California"). This destroys diversity jurisdiction. *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001) ("The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant.").

Plaintiff's treatment of the amount in controversy is also very shaky. Casillas never expressly avers that the amount in controversy exceeds $75,000. In the prayer for relief, he states that "[a]ll payments made (in excess of $250,000.00) from the beginning of the contract were intended to be used by Plaintiff to pay the actual party that funded the loan." Dkt. No. 1 at 19. Whether this amount is the amount in controversy or some other amount is entirely unclear. If Casillas chooses to file another action in federal court on these same grounds, he should be crystal clear about the amount in controversy.

The action is dismissed entirely without prejudice for lack of subject matter jurisdiction. The case is now closed.

**IT IS SO ORDERED.**

Dated: May 21, 2015

_____
JAMES DONATO
United States District Judge